**RECEIVED**
By Michelle Henken at 4:07 pm, Mar 07, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIMINAL NO. 24-CR-00043-KD |
| ) | |
| AMVAC CHEMICAL CORP. ) | |

## PLEA AGREEMENT

The defendant, **AMVAC CHEMICAL CORP.** (AMVAC), represented by its counsel, and the United States of America have reached a plea agreement in this case, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the terms and conditions of which are:

### RIGHTS OF THE DEFENDANT

1. The defendant understands its rights as follows:

    a. To be represented by an attorney;

    b. To plead not guilty;

    c. To have a trial by an impartial jury;

    d. To confront and cross-examine witnesses and to call witnesses and produce other evidence in its defense; and

    e. To not be compelled to incriminate itself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2. The defendant waives rights b through e, listed above, and will plead guilty at a plea hearing to Count One of the Information, which charges knowingly causing the transportation of hazardous waste without a hazardous waste manifest as required by the Resource Conservation and Recovery Act (RCRA), in violation of 42 U.S.C. § 6928(d)(5).

1

3. The defendant understands that the statements made under oath in the plea of guilty must be completely truthful and that it can be prosecuted for making false statements or perjury, or receive a perjury enhancement at sentencing, for any false statements it makes intentionally in this plea of guilty.

4. The defendant (a) expects the Court to rely on statements made in the Factual Resume (described below) and (b) will respond to any questions addressed to it during the guilty plea hearing.

5. The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and its counsel have discussed possible defenses to the charge. The defendant believes that its attorney has represented it faithfully, skillfully, and diligently, and is completely satisfied with the legal advice of its attorney.

6. A separate document, entitled Factual Resume, is attached hereto and incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct and sets out a sufficient evidentiary basis for the guilty plea. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and its counsel are not part of this agreement and are not agreed to by the United States.

7. This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. There have been no promises from anyone as to the particular sentence that the Court will impose. The defendant is pleading guilty because it is guilty.

8. The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

9. The defendant understands that as to each count charged against it, the law gives it a right to a trial in the state and district where the count was allegedly committed. To the extent it applies, the defendant agrees to waive this right and all objections to venue for the charges filed in this case.

10. The defendant agrees to waive any statute of limitations or other time-related objections, motions, and defenses that it might have with respect to the conduct set forth in the attached Factual Resume and the charge it is pleading guilty to pursuant to this Plea Agreement. The defendant agrees that, should the conviction following its plea of guilty pursuant to this agreement be vacated for any reason, any prosecution, based on the conduct set forth in the attached Factual Resume, that is not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement (including any counts that the government has agreed not to prosecute or to dismiss at sentencing pursuant to this Plea Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement or reinstatement of such prosecution. The defendant has been informed by the government of the United States, and on

that basis acknowledges, that on or about June 6, 2019, the government of the United States sought information from the government of Australia pursuant to a Treaty on Mutual Legal Assistance in Criminal Matters, and on approximately July 16, 2019, also sought and obtained from the U.S. District Court for the Southern District of Alabama an order suspending the running of the statute of limitations pursuant to 18 U.S.C. § 3292.

## PENALTY

11. The maximum penalty the Court could impose as to Count One of the Information is:

    A. A fine of the greater of either Fifty Thousand ($50,000) per day of violation, or Five Hundred Thousand ($500,000) dollars, or twice the gross gain or loss resulting from the unlawful conduct, pursuant to 42 U.S.C. § 6928(d) and 18 U.S.C § 3571 (c) and (d);

    B. A term of probation not less than one year and no more than 5 years, pursuant to 18 U.S.C § 3561(c)(1);

    C. A mandatory special assessment of $400.00, pursuant to 18 U.S.C § 3013 (a)(2)(B); and

    D. Such restitution as may be ordered by the Court.

12. Financial Obligations

    A. The defendant expressly authorizes the U.S. Department of Justice to obtain a credit report in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this

prosecution, the defendant agrees to either 1) disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a subsidiary entity, parent entity, or other related third party or 2) provide financial statements contained within public filings dated as of the most recently completed calendar quarter indicating the value of its assets on a consolidated basis, it being understood that such filings are reviewed by the company's independent registered accounting firm.

B.  The defendant and the United States agree that there is no financial loss in this case and therefore that restitution should not be imposed.

## SENTENCING AND APPLICATION OF FED. R. CRIM. P. 11(c)(1)(C)

13. The defendant acknowledges the Court will impose the sentence in this case, and that the parties have reached a binding agreement as to the appropriate sentence in this case. Specifically, the defendant acknowledges that Federal Rule of Criminal Procedure 11(c)(1)(C) provides in relevant part:

> If the defendant pleads guilty... to ... a charged offense ... , the plea agreement may specify that an attorney for the government will: ... (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case ... (such a recommendation or request binds the court once the court accepts the plea agreement).

14. The defendant has reviewed Rule 11(c)(1)(C) with its attorney and understands that its provisions will govern the procedure for the sentence imposed by the Court in this case.

15. The parties agree that the following sentence is an appropriate disposition in this case:

   A. The parties jointly recommend that **AMVAC** be sentenced to pay a criminal fine of four hundred thousand dollars ($400,000) to the Clerk of the Court.

   B. The parties jointly recommend that the defendant be placed on organizational probation for a period of three years from the date of sentencing pursuant to 18 U.S.C. § 3561(c)(1) and USSG §§ 8D1.1 and 8D1.2. The parties recommend that the terms of probation include:

   (1) **AMVAC** shall develop, fund, and implement a comprehensive Environmental Compliance Plan (ECP) to identify and correct future violations of environmental reporting requirements at any facility which **AMVAC** owns or operates.

   (2) The ECP shall be formulated, implemented, and administered through an independent third-party environmental auditor approved by the United States and the Probation Office. **AMVAC** shall submit the names of three third-party auditors to the United States and the Probation Office for review and selection by the Court within *30 days from the entry of the plea*. **AMVAC**, through the selected third-party auditor, shall develop and submit a draft ECP to the United States and the Probation Office for review no later than *60 days from the approval of the auditor*. No later than *120 days from approval of the auditor*, **AMVAC** shall implement the

ECP, which will remain in full force and effect throughout the term of probation.

(3) **AMVAC** shall pay whatever costs are necessary to develop, fund, and implement the plan. A failure to fully fund and to fully implement the ECP will constitute a violation of probation and will constitute a material breach of this Plea Agreement. **AMVAC** shall revise and implement the ECP as deemed necessary by the United States or the Probation Office. The defendant shall avail its facility to inspection by federal, state, or local agencies, boards, or entities, at any time during its hours of operation to confirm compliance with the ECP.

(4) The defendant agrees that it shall not knowingly commit any further violation of RCRA, or any other federal, state, or local environmental law, including those laws and regulations which primary enforcement has been delegated to the state authorities, and shall use best efforts to conduct all its operations in accordance with the environmental laws of the United States. The United States agrees that violations self-disclosed to EPA or identified by the auditor in paragraph 15(B)(2) and promptly addressed will not be considered to be a violation of the Plea Agreement.

16. This agreement will bind **AMVAC** and its subsidiaries and agents, including all subsidiaries and agents that technically manage and/or operate its assets, property, and assigns, including, but not limited to, all successors-in-interest. The defendant must provide notice within 10 days to the U.S. Probation Office for the Southern District of Alabama, the Criminal Investigation Division of the U.S.

EPA in Atlanta, the United States Attorney's Office for the Southern District of Alabama, and the Environmental Crimes Section of the U.S. Department of Justice's Environment and Natural Resources Division, of any of the following: any corporate name changes; any purchases or sale of product lines relating to the charges set forth herein; any purchases, sale, or reorganization or divestiture involving all or substantially all of the assets of the defendant; or any other change that would materially affect the enforceability of this agreement. No change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change in legal status, sale, or purchase of assets, or similar action shall alter the defendant's responsibilities under this agreement. The defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this agreement.

17. The United States will provide all relevant sentencing information to the Probation Office for purposes of the presentence investigation. Relevant sentencing information includes, but is not limited to, all facts of this case and information concerning the defendant's conduct and background.

18. Both the defendant and the United States are free to allocute fully at the time of sentencing subject to the provisions of this agreement.

19. The defendant agrees to tender $400.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to

within this document if the defendant fails to pay the special assessment prior to or at the time of its sentencing.

## UNITED STATES' OBLIGATIONS

20. The United States will not bring any additional charges against the defendant related to the facts underlying the Information, or related to the importation from Canada or Australia to the United States of Thimet product or Thimet waste during the January 1, 2014 – December 31, 2020, period. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and the Environmental Crimes Section, and does not bind any other federal, state, or local prosecuting authorities.

## LIMITED WAIVER OF RIGHT TO APPEAL AND WAIVER OF COLLATERAL ATTACK

21. As part of the bargained-for exchange represented in this Plea Agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives its right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge its guilty plea, conviction, or sentence in any district court or appellate court proceedings.

    **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

    a. any sentence imposed in excess of the statutory maximum;

    b. any sentence which constitutes an upward departure or variance from the advisory guideline range.

    c.    The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

22. If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

23. The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

24. If the defendant receives a sentence within or below the advisory guideline range, this Plea Agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

25. The defendant understands that, subject to limitations set forth herein, if it materially breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant. In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge. In such event, the defendant agrees not to assert any objections to prosecution that it might have under the Sixth Amendment or the Speedy Trial Act.

## ENTIRETY OF AGREEMENT

26. This document is the complete statement of the agreement between AMVAC and the United States and may be altered only if done so in writing and signed by all the parties.

Respectfully submitted,
SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date:_____

*Michael D. Anderson* (Digitally signed by MICHAEL ANDERSON Date: 2024.03.07 13:57:11 -06'00')

Michael D. Anderson
Assistant United States Attorney

Date: 3-7-2023

Kasee Heisterhagen
Assistant United States Attorney
Dep. Chief, Criminal Division

TODD KIM
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT & NATURAL RESOURCES
DIVISION

Date: 3-7-24

Krishna S. Dighe by Michael D. Anderson
Senior Counsel
Environmental Crimes Section
U.S. Department of Justice

I am the duly authorized representative of AMVAC, and I have been authorized by AMVAC to sign this plea agreement. On behalf of AMVAC, I have consulted with counsel and fully understand all rights with respect to the offense charged in the Information pending against AMVAC. On behalf of AMVAC, I have read this Plea Agreement and carefully reviewed every

11

part of it with counsel for AMVAC. AMVAC is satisfied that its attorneys have provided effective assistance of counsel. On behalf of AMVAC, I understand this agreement, and I voluntarily agree to it. AMVAC stipulates that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: February 14, 2024

_____
For AMVAC Chemical Corp.
Defendant

TIMOTHY J. DONNELLY
CAO, GENERAL COUNSEL
& SECRETARY

I am the attorney for the defendant. I have fully explained its rights with respect to the offense charged in the Information. I have carefully reviewed every part of this Plea Agreement with AMVAC. To my knowledge, this decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, the decision to stipulate to the facts is an informed, intelligent, and voluntary one.

Date: February 20, 2024

_____
Sally Quillian Yates
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. |
| | ) |
| AMVAC CHEMICAL CORP. | ) |

## FACTUAL RESUME

The defendant, **AMVAC CHEMICAL CORP.** (AMVAC), admits the allegations of Count One of the Information.

## ELEMENTS OF THE OFFENSE

AMVAC understands that in order to prove a violation of Title 42, United States Code, Section 6928(d)(5), of the Resource Conservation and Recovery Act (RCRA), as charged in Count One of the Information, the United States must prove:

First:   The defendant was a person within the meaning of this statute;

Second:  The defendant knowingly transported or caused to be transported;

Third:   A hazardous waste;

Fourth:  Without a manifest as required by the regulations.

## OFFENSE CONDUCT

Defendant **AMVAC** admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **AMVAC**'s plea of guilty. The statement of facts does not contain every fact known to **AMVAC** and to the United States concerning the defendant's involvement in the charges set forth in the Plea Agreement.

1

At all times relevant this conduct occurred in the Southern District of Alabama and elsewhere:

**AMVAC** was a California corporation formed in 1945, which manufactured and distributed fungicide, defoliant, insecticide, herbicide, molluscicide, fumigant and pesticide products. **AMVAC** owned and operated a pesticide manufacturing facility in Axis, Alabama, where it made pesticides to distribute and sell in the United States and other countries. On approximately February 2, 2006, **AMVAC** purchased the Thimet pesticide product line from another company. The active ingredient in Thimet was Phorate. On or about March 1, 2001, the U.S. EPA identified waste Phorate to be an acute hazardous waste under RCRA (listed as Hazardous Waste Number P094 (Chemical Abstract No. 298-02-2)). 40 C.F.R. § 261.33(e). Acute hazardous wastes must be managed in accordance with RCRA regulations even in small quantities, such as residue in a container. 40 C.F.R. § 261.33(c).

**AMVAC** sold and shipped Thimet in reusable containers that it shipped back to its production facility in Axis. The reusable containers would contain small quantities of Thimet. On or about September 24, 2015, **AMVAC** arranged for the return from Australia of 1,080 reusable containers that had been used for Thimet and contained Thimet residue with Phorate, which the EPA had not authorized to be reformulated into a pesticide. **AMVAC** directed its transporter to complete an import declaration form called "Notice of Arrival of Pesticides and Devices," for these containers. **AMVAC** stated that the Thimet from Australia was "NOT REGISTERED" with the U.S. EPA and identified the purpose for the importation into the United States from Australia of the 1,080 containers with Thimet residue as "A pesticide transferred for

2

the purposes of disposal." AMVAC knew the Thimet with Phorate was a waste and knew its general hazardous characteristics, that is, that it was a poison used to kill pests.

The 1,080 containers with waste Thimet arrived at the Port of Savannah in Georgia on or about October 24, 2015, and was picked up by a transporter hired by AMVAC to move them to a warehouse in Saraland, Alabama, used by AMVAC. AMVAC did not notify its transporter that the containers held hazardous waste nor did AMVAC cause a hazardous waste manifest to be created for the transportation of the 1,080 containers with waste Thimet. On or about October 27, 2015, the containers with hazardous waste were delivered to AMVAC in Axis, Alabama, without a hazardous waste manifest.

AGREED TO AND SIGNED.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

Date: _____

*Michael D. Anderson* (Digitally signed by MICHAEL ANDERSON, Date: 2024.03.07 13:58:23 -06'00')

Michael D. Anderson
Assistant United States Attorney

Date: 3-7-2023

*Kasee S. Heisterhagen*

Kasee Heisterhagen
Assistant United States Attorney
Dep. Chief, Criminal Division

TODD KIM
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT & NATURAL RESOURCES
DIVISION

3

Date: 3-7-24

Krishna S. Dighe by Michael J. C[...]
Krishna S. Dighe
Senior Counsel
Environmental Crimes Section
U.S. Department of Justice

Date: 2.14.2024

For AMVAC
Defendant

Date: 2-20-24

Sally Quillian Yates
Attorney for Defendant

4